**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NITA FAYE JOWERS,<br><br>Plaintiff,<br><br>v.<br><br>DAVOL INC. and C.R. BARD, INC.,<br><br>Defendants. | ) | Civil Action No. CA 08-210ML |

**NOTICE OF REMOVAL**

Defendant Davol Inc. ("Davol) and Defendant C.R. Bard, Inc. ("Bard"), by their undersigned counsel, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. With this Notice of Removal, Defendants respectfully state:

1. Plaintiff filed this action in Rhode Island Superior Court, Providence County, on or about May 27, 2008. Davol has not been served with a copy of the Complaint or any state process. Bard was served on May 29, 2008.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441.

## I. <u>Defendants Have Satisfied the Procedural Requirements for Removal</u>

3. <u>Removal is timely</u>. Bard was served with the Complaint on May 29, 2008. *See* Att. A (copy of all process, pleadings, and orders served on Bard). Removal is thus timely since it is prior to 30 days from the date of service.

4. Venue is proper. The Superior Court of Rhode Island, Providence County, is located within the District of Rhode Island, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 120 because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

7. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached to this Notice of Removal (Att. B), and that notice has been filed in the Superior Court of Rhode Island, Providence County, and served on Plaintiff.

## II. Removal is Proper in This Case

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

### A. Complete diversity exists between Plaintiff and Defendants.

9. The Complaint states that Plaintiff is a citizen and resident of the State of North Carolina. *See* Compl. ¶ 1.

10. Davol is, and has been at all relevant times, a corporation incorporated under the laws of Delaware with its principal place of business in Rhode Island. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), Davol is not a citizen of the State of North Carolina.

11. Bard is, and has been at all relevant times, a corporation incorporated under the law of the State of New Jersey with its principal place of business in New Jersey as well.

For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), Bard is not a citizen of the State of North Carolina.

12. 28 U.S.C. § 1441(b) does not bar removal here absent proper service upon Davol, the named resident defendant.

**B. The amount in controversy requirement is satisfied.**

13. The Complaint does not specify an amount of damages sought. However, the amount in controversy exceeds the jurisdictional requisite in 28 U.S. C. § 1332.

14. Plaintiff's Complaint alleges that Plaintiff needlessly "underwent exploratory surgery" as a result of the defective medical device that she received. (Compl. ¶ 25). In addition, Plaintiff alleges that she "has suffered and will continue to suffer physical pain and mental anguish." (*Id.* ¶ 27.) Plaintiff also alleges that she "has incurred substantial medical bills and . . . has suffered loss of other monies." (*Id.* ¶ 28.) Plaintiff thus seeks recovery for "the bodily injuries, pain and suffering, ascertainable economic loss and other damages" she has sustained (*id.* ¶ 26), along with punitive damages (*id.* ¶ 35).

15. Plaintiff's Complaint makes it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Likewise, federal courts in analogous cases have held that the amount-in-controversy threshold is met even though the plaintiff has not expressly pled an amount in controversy because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001); *see also Standard Fire Ins. Co. v. Gordon*, 376 F. Supp. 2d 218, 224 n.6 (D.R.I. 2005) (noting that jurisdictional amount-in-controversy requirement is met where from "the nature of the

claims in the underlying suit, it is apparent that the amount-in-controversy could well exceed $75,000").

WHEREFORE, Defendants respectfully remove this action from the Superior Court of Rhode Island, Providence County, to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1441.

Date: May 29, 2008

Respectfully submitted,

BY: ______________________

Mark T. Nugent, #2637
Thomas M. Robinson, #6193
Morrison Mahoney LLP
10 Weybosset Street, Suite 900
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420
Mnugent@morrisonmahoney.com
Trobinson@morrisonmahoney.com

ATTORNEYS FOR DEFENDANTS C.R. BARD, INC. AND DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2008, a true and correct copy of the foregoing Amended Notice of Removal was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Donald A. Migliori
Motley Rice
321 South Main Street
Providence, RI 02903
*via first-class, postage prepaid, mail*

______________________